UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CASE NO.: 2: 24-cv-0067

TIMOTHY S. RODRIGUEZ,

    *Plaintiff,*

vs.

AARON GORDON, in his individual and official capacities,

    *Defendant.*

_____/

**COMPLAINT**
**WITH DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff TIMOTHY S. RODRIGUEZ, and sues AARON GORDON in his individual and in his official capacity as former Deputy Sheriff of the Howard County Sheriff's Office pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, alleging as follows:

**NATURE OF THE ACTION / PRELIMINARY STATEMENT**

1. TIMOTHY S. RODRIGUEZ brings this civil rights action for money damages pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments to the United States Constitution against AARON GORDON, formerly of the Howard County Sheriff's Office, in his official and individual capacities, seeking damages, affirmative and equitable relief, attorneys' fees and costs, and for such other further relief as the Court deems equitable and just.

**JURISDICTION**

2. The Court has subject matter jurisdiction of this federal claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a) (3) and (4).

## VENUE

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1), as the sole Defendant, AARON GORDON, resides in Aransas County, Texas, situated within the confines of the Southern District of Texas.

## PARTIES

4. Plaintiff TIMOTHY S. RODRIGUEZ is a citizen of Texas residing in Spring Branch, located in Comal County, Texas.

5. Defendant AARON GORDON resides in Aransas County, Texas.

## FACTUAL ALLEGATIONS

### A. Aaron Gordon Responds to a Burglary Incident

6. On or about the morning of November 19, 2022, AARON GORDON, in his capacity as a deputy Howard County sheriff, responded to a reported break-in at one of the house units at 203 Becker Road, in Big Spring, Texas.

7. AARON GORDON spoke with residents Christina Rodriquez, Luciano Rodriquez, and Steven Rodriquez, who advised that their renter, "Timothy Rodriguez," broke down the front door of Luciano's home in a state of heavy intoxication, demanding to know where Luciano was keeping Timothy's ex-wife.

8. The witnesses advised that "Timothy Rodriguez" fled the scene in his older-model GMC pickup truck and hadn't returned to the trailer home, rented from Luciano, located at the back of Luciano's property at 203 Becker Road.

9. Reported under Sheriff's Case No. 22-1484, AARON GORDON entered the 203 Becker Road address for "Timothy Rodriguez," then entered Plaintiff TIMOTHY RODRIGUEZ' exact full name and birthdate.

10. AARON GORDON then falsely attributed the provision of the middle name and exact birthdate of Plaintiff TIMOTHY RODRIGUEZ to statements given by the three witnesses. In fact, the witnesses didn't know "Timothy Rodriguez'" middle name or birthdate, all they provided was a description of "Timothy Rodriguez'" pickup truck – an older-model GMC.

11. AARON GORDON was the one who caused Plaintiff TIMOTHY RODRIGUEZ' middle name, exact birthdate, height, and weight to be reported in Sheriff's Case No. 22-1484.

12. Later that day, AARON GORDON's false information was used to complete an arrest warrant naming Plaintiff TIMOTHY RODRIGUEZ for the crime of Burglary of Habitation, which was executed on November 21, 2022 by Justice of the Peace Mike Averette and issued as Warrant No. 22-00244JP12F.

13. Attempted service of Warrant No. 22-00244JP12F was apparently made only one time, on November 21, 2022, at the trailer home of "Timothy Rodriguez" (whose middle name is actually John), but he was not there.

14. No further action seems to have been taken to serve Timothy John Rodriguez after November 21, 2022 under Warrant #22-00244JP12F.

### B.     Plaintiff's Pleasure Cruise Ends in an Unexpected Way

15. On May 6, 2023, TIMOTHY S. RODRIGUEZ arrived at Port Galveston, Texas aboard Carnival Cruise Line's M/V VISTA after taking his girlfriend Cassie Sarabia and family members Gerri Paredes and Alice Rodriguez on a cruise.

16. MR. RODRIGUEZ was awakened at 6:00 AM by Guest Services, requesting he bring his travel documents for them "to verify some information."

17.MR. RODRIGUEZ responded, waited, and was eventually met by a U.S. Customs Agent, who escorted him below decks, then placed him under arrest pursuant to Howard County Sheriff's Warrant #22-00244JP12F.

18.MR. RODRIGUEZ was then taken in handcuffs from the M/V VISTA in full view of the debarking passengers, escorted on foot through Port Galveston, briefly held by Port of Galveston Police, then later publicly escorted in handcuffs through Port Galveston and transported to Galveston County jail.

19.During this time, Cassie Sarabia was obliged to gather and offload MR. RODRIGUEZ' baggage from the M/V VISTA and through Customs, then drive the two family members to the bus station in Houston to return home in San Antonio, then drive back to Galveston County, contact a bonding agent, and wait for an update on MR. RODRIGUEZ' status.

20.At Galveston County jail, MR. RODRIGUEZ was put in an uncomfortably cold holding cell with multiple detainees, given a paper cup for water from the sink faucet next to the filthy communal toilet, and served plastic-wrapped stale bologna sandwiches for lunch and dinner.

21.After waiting the remainder of the day, MR. RODRIGUEZ' bail was set, and about two hours later, the paperwork was received by the bail bondsman. MR. RODRIGUEZ was released from detention at 3:00 AM the next day.

22.The conditions of MR. RODRIGUEZ' bond restricted his travel and required that he report to the bond company weekly, providing his location, with a photograph, via an app on his cellphone.

23. On Monday, May 8, MR. RODRIGUEZ telephoned the Howard County District Attorney's Office, who advised that the Howard County Sheriff's Office had not referred any charges to their office.

24. MR. RODRIGUEZ then telephoned the Howard County Sheriff's Office and spoke with Sgt. RORY GAMMONS, who advised the warrant was issued because "*it looks like you kicked in your brother-in-law's door while you were intoxicated.*"

25. MR. RODRIGUEZ advised that he had no family in Big Spring. Sgt. Gammons retorted that he had a brother-in-law, "Luciano." MR. RODRIGUEZ asked, "Luciano who?" Sgt. Gammons replied "*you should know, it's your family.*"

26. Sgt. Gammons declined to provide information about Warrant #22-00244JP12F, or the burglary incident reported under Sheriff's Case No. 22-1484, but did advise MR. RODRIGUEZ that the complainants who reported the burglary specifically provided MR. RODRIGUEZ' middle name and exact date of birth.

27. For the next three weeks, while MR. RODRIGUEZ attempted to obtain information from the Howard County Sheriff, he was required to make weekly reports to his bondsman and had to disclose his arrest to his employer, who could vouch for MR. RODRIGUEZ' whereabouts if contacted by the bondsman.

28. MR. RODRIGUEZ' employer was alarmed, and MR. RODRIGUEZ feared he would be terminated from employment, causing him intense anxiety.

29. Subsequent calls to the Sheriff's Office led to disclosure of the incident's date, November 19, 2022, but the Sherriff's Office refused to provide MR. RODRIGUEZ with a copy of Sheriff's Case No. 22-1484 or Warrant No. 22-00244JP12F.

30. MR. RODRIGUEZ reviewed his bank and credit card statements, and messages and photographs stored in his cellphone for November 19, 2022, which showed that he and Ms. Sarabia spent the morning in Spring Branch, then they drove to San Marcos and celebrated Thanksgiving with six adult family members.

31. MR. RODRIGUEZ contacted Sgt. Gammons, provided this information, but no action was taken. During the month of May, the Sheriff's Office did not process MR. RODRIGUEZ' arrest, allowing Warrant No. 22-00244JP12F to remain open, rendering MR. RODRIGUEZ vulnerable to re-arrest at any time.

32. AARON GORDON, from November 19, 2022 through June 2023, took no action to correct the false information he provided in Sheriff's Case No. 22-1484, nor did he take any action with respect to Warrant No. 22-00244JP12F, or otherwise remedy the damage he created.

33. Unable to obtain a response or action from the Sheriff's Office, MR. RODRIGUEZ hired legal representation to contact the Sheriff's Office to obtain a copy of Warrant No. 22-00244JP12F and Sheriff's Case No. 22-1484.

34. On June 1st, MR. RODRIGUEZ' legal counsel contacted the Sheriff's Office and spoke with Deputy Marc Thomas, who could neither locate Warrant No. 22-00244JP12F nor a copy of Sheriff's Case No. 22-1484 but was able to advise that although there were no updates or progress, the matter "*had not fallen through the cracks.*"

35. On or about June 6, 2023, the Howard County District Attorney communicated their recommendation to the Howard County Sheriff that Warrant No. 2200244JP12F be dismissed and Mr. RODRIGUEZ' surety be discharged,

pursuant to receiving correspondence from MR. RODRIGUEZ' attorney requesting copies of Warrant No. 22-00244JP12F and Sheriff's Case No. 22-1484.

36. At all times, AARON GORDON was acting under color of state and local law as an employee of the Howard County Sheriff's Office.

37. Mr. RODRIGUEZ' arrest record remains available to the public online, requiring him to pay an attorney to obtain expungement of the arrest record.

### COUNT I: MALICIOUS PROSECUTION
### AARON GORDON

38. Plaintiff incorporates each of the foregoing paragraphs 1 through 37 of this Complaint as if fully restated here.

39. Upon credible information, the complainants and witnesses who provided statements to AARON GORDON concerning the burglary incident did not provide Plaintiff TIMOTHY RODRIGUEZ' middle name and birthdate.

40. Upon credible information, AARON GORDON provided or caused Plaintiff's middle name and birthdate to be reported in Case No. 22-1484, falsely attributing the incorrect information identifying Plaintiff as having been given by the complainants/witnesses.

41. AARON GORDON's deliberate actions of providing Plaintiff's middle name and birthdate, then falsely attributing those details as having been given by the complainant and witnesses, were objectively unreasonable, undertaken in total disregard for the truth, made in reckless disregard of the eventuality of TIMOTHY S. RODRIGUEZ' arrest and seizure in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42.  A<small>ARON</small> G<small>ORDON</small>, at all times material, acted under color of law, and acted in an objectively unreasonable manner by falsely and maliciously identifying T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small> as the suspect in Sheriff's Case No. 22-1484, directly causing Warrant No. 2200244JP12F to be executed.

43.  A<small>ARON</small> G<small>ORDON</small>'s malicious and reckless disregard for T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small>' civil rights are demonstrated by his failure and refusal to correct the false information he reported in Sheriff's Case No. 22-1484, which directly resulted in T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small>' seizure.

44.  A<small>ARON</small> G<small>ORDON</small>'s malicious and reckless disregard for T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small>' civil rights are demonstrated by his prolonged failure and refusal to correct the false information during the five months after Warrant No. 2200244JP12F was issued identifying Plaintiff with false information deliberately provided by A<small>ARON</small> G<small>ORDON</small>, all of whose actions and omissions were knowingly done in gross violation of T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small>' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

45.  A<small>ARON</small> G<small>ORDON</small>'s actions and omissions under color of state law, performed in conscious, indifferent, and/or malicious disregard for Plaintiffs' civil rights, directly resulted in the issuance of Warrant No. 2200244JP12F for T<small>IMOTHY</small> S. R<small>ODRIGUEZ</small>, at all times a demonstrably innocent person, directly resulting in Plaintiff's seizure and deprivation of liberty in violation of Mr. R<small>ODRIGUEZ</small>' rights, secured by the Fourth and Fourteenth Amendments.

46. AARON GORDON's malicious and unreasonable actions and ongoing reckless disregard for Mr. RODRIGUEZ' rights caused Mr. RODRIGUEZ to suffer trauma from his very public arrest, witnessed by his girlfriend, family members, and fellow cruise passengers who recognized him, as well as physical and mental suffering while detained in miserable conditions in the Galveston County jail.

47. AARON GORDON's malicious and unreasonable actions and ongoing reckless disregard for Mr. RODRIGUEZ' rights directly caused Mr. RODRIGUEZ to incur the expense of posting bond, fees paid to an attorney to obtain the warrant's dismissal and future costs and fees to expunge the arrest record.

48. EMPLOYMENT:N's malicious and unreasonable actions and ongoing reckless disregard for Mr. RODRIGUEZ' rights directly caused Mr. RODRIGUEZ to suffer restriction of his freedom to travel and perform ongoing duties, including weekly reporting to his bondsman and disclosure of his arrest to his employer while the bond remain in effect, suffer harm to his reputation and relationships with others; suffer intense anxiety caused by possible dismissal from employment; ongoing fear that his arrest record would render future employment difficult, fear of financial inability to support himself if unemployment occurred; and other harm caused by the publicly available arrest record.

49. Because AARON GORDON's actions were performed with a malicious and callous indifference to MR. RODRIGUEZ' federally protected rights, an award of punitive damages is sought to the fullest extent permitted by law.

## JURY DEMAND

50. TIMOTHY S. RODRIGUEZ demands trial by jury on all issues so triable.

# PRAYER FOR RELIEF

WHEREFORE, TIMOTHY S. RODRIGUEZ respectfully requests the Court enter judgment in his favor and against AARON GORDON, and for the following relief:

(i) Declaration that AARON GORDON's actions, taken in his official capacity, violated TIMOTHY S. RODRIGUEZ' Fourth and Fourteenth Amendment rights and privileges

(ii) Declaration that AARON GORDON's actions, taken in his individual capacity, violated TIMOTHY S. RODRIGUEZ' Fourth and Fourteenth Amendment rights and privileges

(iii) Compensatory damages awarded for all past and future economic losses and expenses

(iv) Consequential or General damages awarded for TIMOTHY S. RODRIGUEZ' past and future physical pain, mental suffering, and emotional distress suffered

(v) Punitive damages

(vi) Attorneys' fees and costs allowed by law

(vii) Pre-judgment and post-judgment interest, and

(viii) All other relief, under the law or in equity as the Court deems just and proper.

DATED: MARCH 14, 2024

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: leigh@williamslegal.org
Tel. No.: 432 901-2141
*Attorney for Timothy S. Rodriguez*